No. 690

ERHART et v. SADGEBURY

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 658. Decided July 6, 1925

1277. WORDS AND PHRASES—Statute reciting; "Where waiver - - - - written above signature of an indorser it binds him only", though singular in form, may be applied to a group of indorsers.

ALLREAD, J.

Charles Sadgebury brought suit upon a promissory note for $1500 in the Montgomery Common Pleas against H. F. Sadgebury and other indorsers thereon. H. F. Sadgebury and the Dayton Ignition Co., of which he is president, together with one, Sterm, an indorser, did not answer the petition.

Andrew Erhart and four other indorsers answered to the effect that there was no notice of dishonor at the time of maturity, that the indorsements were conditioned upon the makers securing ten indorsers and that the words "notice of protest waived" were written after their signatures without their knowledge or approval. The verdict of the jury was in favor of Charles Sadgebury.

Error was prosecuted to the Court of Appeals and the only question presented there was whether the waiver of protest was binding on the endorsers other than H. F. Sadgebury, the maker. Erhart relies upon the following statute, 8215 GC.:—

"Where the waiver is embodied in the instrument itself, it is binding upon all parties; but when it is written above the signature of an indorser it binds him only." The Court of Appeals held:

1. While the indorsers here signed separately, yet they are one group of accommodation

indorsers before delivery of the note and their indorsements took effect from delivery.

2. Since there was no showing of a different agreement or circumstances calling for a different rule, they are therefore regarded as a single group of indorsers.

3. The fact that 8215 GC. is in the singular, does not prevent its applying to a group of indorsers. Judgment of common pleas affirmed.

Attorneys—Leach & Nolan and L. B. McIlhenny for Erhart; H. B. Williamson for Sadgebury; all of Dayton.